| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) _____   Chapter  **11** |
| ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy        4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **EXPRO US FINCO LLC** |
|---|---|---|
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-1857558** |

| 4. | Debtor's address | **Principal place of business**<br><br>**c/o CorpDirect Agents, Inc.**<br>**251 Little Falls Drive**<br>**Dover, DE 19904**<br>Number, Street, City, State & ZIP Code<br><br>**Kent**<br>County | **Mailing address, if different from principal place of business**<br><br>**738 Highway 6 South 1000**<br>**Houston, TX 77079**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
|---|---|---|---|

| 5. | Debtor's website (URL) | **https://www.exprogroup.com/** |
|---|---|---|

| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
|---|---|---|

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 1

Debtor **EXPRO US FINCO LLC**  
Name

Case number (*if known*)

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__2131__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ■ A plan is being filed with this petition.
  ■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **SEE SCHEDULE 1** | Relationship | |
| District | **Southern District of Texas** | When | Case number, if known |

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page 2

Debtor **EXPRO US FINCO LLC**
Name

Case number (*if known*) _____

| | | |
|---|---|---|
| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>  What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other<br>**Where is the property?** _____<br>Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.  Insurance agency _____<br>  Contact name _____<br>  Phone _____ |

■ **Statistical and administrative information**

| | | |
|---|---|---|
| 13. | **Debtor's estimation of available funds** | *Check one:*<br>■ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |
| 14. | **Estimated number of creditors** | ■ 1-49         ☐ 1,000-5,000         ☐ 25,001-50,000<br>☐ 50-99        ☐ 5001-10,000         ☐ 50,001-100,000<br>☐ 100-199     ☐ 10,001-25,000       ☐ More than100,000<br>☐ 200-999 |
| 15. | **Estimated Assets** | ■ $0 - $50,000                  ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion<br>☐ $50,001 - $100,000          ☐ $10,000,001 - $50 million    ☐ $1,000,000,001 - $10 billion<br>☐ $100,001 - $500,000        ☐ $50,000,001 - $100 million  ☐ $10,000,000,001 - $50 billion<br>☐ $500,001 - $1 million        ☐ $100,000,001 - $500 million ☐ More than $50 billion |
| 16. | **Estimated liabilities** | ☐ $0 - $50,000                  ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion<br>☐ $50,001 - $100,000          ☐ $10,000,001 - $50 million    ■ $1,000,000,001 - $10 billion<br>☐ $100,001 - $500,000        ☐ $50,000,001 - $100 million  ☐ $10,000,000,001 - $50 billion<br>☐ $500,001 - $1 million        ☐ $100,000,001 - $500 million ☐ More than $50 billion |

Debtor   **EXPRO US FINCO LLC**                                          Case number (*if known*)
         Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both 18 U S C §§ 152, 1341, 1519, and 3571

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition

I have been authorized to file this petition on behalf of the debtor

I have examined the information in this petition and have a reasonable belief that the information is trued and correct

I declare under penalty of perjury that the foregoing is true and correct

Executed on  _____
             MM / DD / YYYY

X  _____          **John McAlister**
   Signature of authorized representative of debtor     Printed name

Title  **General Counsel**


**18. Signature of attorney**

X  */s/ Patricia B. Tomasco*          Date  _____
   Signature of attorney for debtor              MM / DD / YYYY

**Patricia B. Tomasco**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street**
**Suite 1900**
**Houston, TX 77010**
Number, Street, City, State & ZIP Code

Contact phone  **(512) 236-2076**     Email address  **ptomasco@jw.com**

**01797600**
Bar number and State

## SCHEDULE 1 TO VOLUNTARY PETITION

## AFFILIATED ENTITIES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

| | |
|---|---|
| Expro Group Australia Pty Limited | Expro International Limited |
| Expro Holdings Australia 1 Pty Limited | Expro Finservices Sarl |
| Expro Holdings Australia 2 Pty Limited | Expro Servicios S. de R.L. de C.V. |
| Expro Do Brasil Servicos Ltda | Expro Tool S. de R.L. de C.V. |
| Expro (B) Sendirian Berhad | Exprotech Nigeria Limited |
| Expro Group Canada Inc. | Expro Holdings Norway As |
| Expro Gulf Limited | Expro Norway AS |
| Exploration and Production Services (Holdings) Limited | Petrotech AS |
| Expro Benelux Limited | Expro Overseas, Inc |
| Expro Eurasia Limited | Expro International B.V. |
| Expro Holdings UK 2 Limited | Expro Worldwide B.V. |
| Expro Holdings UK 3 Limited | Petrotech B.V. |
| Expro Holdings UK 4 Limited | Expro Trinidad Limited |
| Expro International Group Holdings Ltd. | Expro Americas, LLC |
| Expro International Group Limited | Expro Holdings US Inc. |
| Expro North Sea Limited | Expro Meters, Inc. |
| Expro Overseas Limited | Expro US Finco LLC |
| Expro Resources Limited | Expro US Holdings, LLC |
| PT Expro Indonesia | |

EXECUTION VERSION

## ACTION BY WRITTEN CONSENT
## OF THE SOLE MEMBER OF EXPRO US FINCO, LLC
### a Delaware limited liability company

### December 12, 2017

*The undersigned, being the sole member of (the "Sole Member") Expro US Finco, LLC, a Delaware limited liability company (the "Company"), acting without a meeting pursuant to Section 18-302(d) of the Delaware Limited Liability Company Act, hereby takes the following actions as of the date set forth above and hereby adopts, by this written consent, the following resolutions:*

**Overview**

WHEREAS, the Sole Member has reviewed and considered the financial and operational condition of the Company and the group of companies of which the Company is part (the "Group"), including the historical performance of the Company and the Group, the assets of the Company and the Group, the current and long-term liabilities of the Company and the Group, and the oil and gas industry and credit market conditions, and has considered various alternatives in respect of these matters;

WHEREAS, the Sole Member has received, reviewed and considered the recommendations of, and the materials presented by, the senior management of the Company and the Company's legal, financial, and other advisors as to the financial condition of the Company described above and the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Sole Member has reviewed and considered the Company's need for financing in connection with a chapter 11 case under the Bankruptcy Code, and has determined that it is in the best interests of the Company, its creditors, employees, stockholders, and other interested parties, for the Company and certain of its subsidiaries and affiliates to enter into the DIP Credit Agreement (as defined below) and one or more related agreements and amendments thereto with the financial institutions from time to time party thereto, pursuant to which the Company will obtain postpetition debtor-in-possession financing to fund their chapter 11 cases and grant the first priority priming liens required thereby;

NOW THEREFORE LET IT BE:

**Chapter 11 Filing**

RESOLVED, that, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its members, its creditors as a whole, and other parties in interest, that the Company file a voluntary petition for relief (the "Petition") and commence a case (the "Chapter 11 Case") under chapter 11 of the Bankruptcy Code in

the United States Bankruptcy Court for the Southern district of Texas (the "Bankruptcy Court"); and it is further

RESOLVED, that the Sole Member, any officer of the Company or any authorized signatory listed in Appendix 1 (each, including such Sole Member and such officers, an "Authorized Signatory"), is hereby authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all of the petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

**Retention of Professionals**

RESOLVED, that each Authorized Signatory be, and each of them individually hereby is, authorized and directed to employ any individual and/or firm, as counsel, professionals, consultants, or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Signatories are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed appropriate applications for authority to retain the services of such firms; and it is further

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

RESOLVED, that the form, terms, and provisions of a proposed interim order (the "Interim DIP Order") to which the Company is or will be subject, and the actions and transactions contemplated thereby, including, without limitation, the execution, delivery and performance of that certain Debtor-In-Possession Credit Agreement (the "DIP Credit Agreement"), by and between Expro Holdings UK 3 Limited, as parent (the "Parent") and Expro US Finco, LLC, as borrower, the other guarantors from time to time party thereto, the lenders from time to time party thereto, and the agent from time to time thereto, as administrative agent and collateral agent (the "DIP Agent"), and the borrowing of funds thereunder, be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories be, and hereby is, acting alone, authorized and empowered, in the name of and on behalf of each of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, the DIP Credit Agreement and such other agreements, certificates, instruments, guaranties, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order and the DIP Credit Agreement, the "DIP Documents"), and incur and pay or cause to be paid all fees and expenses payable in connection with the DIP Documents, in each case, in the form or substantially in the form thereof submitted to the Parent, with such changes, additions, and modifications thereto as the officers of the

Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is further

RESOLVED, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Credit Agreement, dated as of September 2, 2014, as amended, restated, amended and restated or otherwise modified or supplemented from time to time, and in effect immediately prior to the commencement of the Chapter 11 case, among Parent, Expro FinServices S.à.r.l, as borrower, Company, as co-borrower, the guarantors from time to time party thereto, the lenders from time to time party thereto and HSBC Bank USA, N.A., as administrative agent, HSBC Corporate Trustee Company (UK) Limited, as collateral agent; and it is further

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to provide certain adequate protection for the Secured Lenders in connection with the DIP Documents and use of cash collateral and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents; and it is further

RESOLVED, that each of the Authorized Signatories be, and they hereby are, and each Authorized Signatory acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of the Company (i) to grant to the DIP Agent a security interest in and liens upon, substantially all of the Company's assets, whether now owned or hereafter acquired, (ii) to take any action required under any laws to perfect the security interests of the DIP Agent under the Interim DIP Order and the other DIP Documents, including filing or authorizing the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, foreign security agreements and pledge agreements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, (iii) to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Interim DIP Order and the other DIP Documents, and (iv) to execute and deliver such guaranties in favor of the DIP Agent as may be required by the terms of the DIP Credit Agreement; and it is further

LON47626236/2  165561-0001

3|6

**General**

RESOLVED, that each of the Authorized Signatories be, and each of them individually hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and it is further

RESOLVED, that all actions heretofore done, including, but not limited to, entry into the restructuring support agreement dated 7 December 2017 between the Company, certain of its affiliates and certain consenting creditors, and all actions by any director, or any officer of the Company acting at their direction, or by any employees or agents of the Company or the Sole Member, on behalf of the Company, on or prior to the date hereof in connection with the transactions contemplated or implied by the foregoing resolutions be, and they hereby are, ratified, approved and confirmed and adopted as the acts and deeds of the Company in all respects; and it is further

RESOLVED, that any Authorized Signatory is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary and appropriate in the opinion of such Authorized Signatory, a true copy of the foregoing resolutions.

[*The rest of this page is left blank intentionally; the signature page follows.*]

IN WITNESS THEREOF, the undersigned has signed this Written Consent as of the date first written above.

Expro US Finco, LLC

By:   Expro Holding UK 3 Limited
      its Sole Member

By:   _____
      Name: John McAlister
      Title: Director

# APPENDIX 1

# AUTHORIZED SIGNATORIES

Michael Bentham
Alistair Geddes
Michael Jardon
John McAlister
Eric Nelson
Domenico Sansalone